(C. D. 1918)

R. U. DELAPENHA & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 2, 1957)

*Strauss & Hedges* (*E. Thomas Honey* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett* and *Murray Sklaroff,* trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., dissenting

JOHNSON, Judge: This is a protest against the collector's assessment of duty and internal revenue tax on alcoholic flavoring extract imported from Germany in 1949. The merchandise was assessed with duty at 60 cents per pound and 18 per centum ad valorem under paragraph 24 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as flavoring extract containing more than 50 per centum of alcohol, and with internal revenue tax at $9 per proof gallon under section 2800 (a) (1) of the Internal Revenue Code of 1939, as amended, as distilled spirits over proof. It is claimed that said merchandise is entitled to a reduction in the rate of duty, by reason of the proviso in said paragraph 24, as modified. An additional claim in the protest that the merchandise is not subject to internal revenue tax was abandoned at the trial.

The pertinent provisions of the Tariff Act of 1930, as modified, read as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 24 | Flavoring extracts, and natural or synthetic fruit flavors, fruit esters, oils and essences, all the foregoing and their combinations: | |
| | Containing 20 per centum of alcohol or less__ | 15¢ per lb. and 18% ad val. |
| | Containing more than 20 per centum and not more than 50 per centum of alcohol__ | 30¢ per lb. and 18% ad val. |
| | Containing more than 50 per centum of alcohol_____ | 60¢ per lb. and 18% ad val. |
| | *Provided*, That, whenever the foregoing products are subject to a Federal tax on the alcoholic content measured in whole or in part by the rate of an internal Federal tax imposed in respect of the alcohol contained in the like domestic products, the specific parts of the foregoing rates shall be reduced from 15, 30, and 60 cents to 7½, 15, and 30 cents, respectively, and the ad valorem parts thereof shall be reduced in each case to 10 per centum ad valorem. | |

The case has been submitted upon the official papers and the testimony of Percy O. Cunningham, customs examiner. According to the laboratory analyses made by the United States Customs Laboratory and the Alcohol Tax Unit, respectively, the merchandise is a flavoring extract containing 74.2 per centum alcohol by weight and 82.3 per centum by volume. The customs examiner described it as Gilka Distillate, "a concentrated flavoring base for the production of a finished liqueur or beverage known generally as kummel." It was found fit for beverage purposes and, therefore, subject to the payment of internal revenue tax on overproof distilled spirits.

Paragraph 24 of the Tariff Act of 1930, as modified, *supra*, includes flavoring extracts containing alcohol. Therefore, the "like domestic products" referred to in the proviso are flavoring extracts containing alcohol. It is unnecessary to establish that there is a domestic product the same as or similar to the particular flavoring extract imported (Gilka Distillate); it is sufficient if there are domestic flavoring extracts containing alcohol. That such products are manufactured domestically is well known. See Summary of Tariff Information, 1929, page 119, where it is stated:

Products containing alcohol include (1) medicinal preparations, (2) flavoring extracts, both of which are the basis of large domestic industries, with an annual output valued at many millions of dollars.

See also, Trade Agreement Digests, 1946, volume 1, page 109, and Summaries of Tariff Information, 1948, volume 1, part 2, page 28 ff.

Neither the collector, in assessing duty, nor counsel for the Government has claimed that the proviso is inapplicable for the reason that there are no like domestic products. In the brief filed on behalf of the defendant, it is stated:

> Although Section 2800 (a) of the Internal Revenue Code imposes a tax on both importations of merchandise such as that at bar and like domestic products, the Government contends that the tax on the imports is in no way "measured in whole or in part by the rate of" such tax imposed on the like domestic products. * * *

> \* \* \* \* \* \* \*

> No one disputes that both the imported merchandise and like domestic products are subject to an internal Federal tax under section 2800 (a) of the Internal Revenue Code (see Plaintiff's Exhibit 1), but the question is "Is the tax on the imported product measured in whole or in part by the rate of the tax on the domestic products?" [Underscoring omitted.]

The question presented for decision is whether the merchandise, flavoring extract containing alcohol, assessed with internal revenue tax at $9 per proof gallon under section 2800 of the Internal Revenue Code of 1939, as amended (26 U. S. C. § 2800), is entitled to the reduced rates of duty set forth in the proviso to paragraph 24 of the Tariff Act of 1930, as modified, *supra*.

Plaintiff claims that the proviso is applicable on the ground that internal revenue tax is levied on the alcoholic content of the imported merchandise and on the alcohol contained in the like domestic product and that the rate of such tax is the same on both. Defendant contends, on the other hand, that the internal revenue tax is imposed on distilled spirits and not the alcohol contained therein and that the tax on imports is not measured in whole or in part by the rate imposed on domestic products.

In order to resolve these questions, it is necessary and appropriate that the applicable statutes be examined. The following sections are from the Internal Revenue Code of 1939, as amended (26 U. S. C.):

**§ 2800. Tax—(a) Rate—(1) Distilled spirits generally.**

There shall be levied and collected on all distilled spirits in bond or produced in or imported into the United States an internal revenue tax at the rate of $6 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the distiller or importer when withdrawn from bond.[1]

**(2) Products of distillation containing distilled spirits.**

All products of distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, shall be considered and taxed as distilled spirits.

> \* \* \* \* \* \* \*

**§ 2809. Definitions—(a) Distiller.**

> \* \* \* \* \* \* \*

---

[1] The rate was raised from $6 to $9 by section 302 of the Internal Revenue Act of 1943 (58 Stat. 61, 26 U. S. C. § 1650) and by the Excise Tax Act of 1947 (61 Stat. 12, 26 U. S. C. § 1650).

**(b) Distilled spirits—(1) General Definition.**

Distilled spirits, spirits, alcohol, and alcoholic spirits, within the true intent and meaning of this chapter, is that substance known as ethyl alcohol, hydrated oxide of ethyl, or spirit of wine, which is commonly produced by the fermentation of grain, starch, molasses, or sugar, including all dilutions and mixtures of this substance.

  &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

**(c) Proof spirits.**

Proof spirits shall be held to be that alcoholic liquor which contains one-half its volume of alcohol of a specific gravity of seven thousand nine hundred and thirty-nine ten-thousandths (.7939) at sixty degrees Fahrenheit.

It is evident from the above provisions that the tax imposed by section 2800 (a) (1), whenever it is assessed on the proof-gallon basis, is a tax on the alcoholic content of the merchandise, since a proof gallon is one-half alcohol by volume. See also 26 C. F. R. (1949 edition) sections 186.148 and 186.149, defining a wine gallon as a standard United States gallon, containing 231 cubic inches, and a proof gallon as a wine gallon, containing 50 per centum of alcohol by volume and 50 per centum of water by volume.

This construction is in conformity with that of the Acting Commissioner of Customs as set forth in a letter, dated June 15, 1951, quoted in CIE 190/51 (plaintiff's exhibit 1), stating:

A different question is involved in this case, however, since the instant extract is not below proof and, being taxable on each proof gallon, rather than on each wine gallon, is subject to a Federal tax on its alcoholic content.

Defendant's principal claim is that the tax on the imported product is not *measured* by the rate of the tax on the domestic product and that, therefore, the proviso is inapplicable.

In a literal sense, the language of the proviso might be taken to mean, as stated by counsel for the Government, that the proviso is operable only when the size or extent of the tax on the imported product is directly controlled or determined or estimated in terms of the tax assessed on the like domestic product. However, in view of the fact that the reference is to a Federal tax on the alcoholic content of merchandise and that such a tax has been imposed at the same rate on both domestic and imported distilled spirits for a long time, the language may well be taken to mean that the proviso is operable whenever such a tax is levied on imported products, based on the alcoholic content, and on the alcohol contained in the like domestic products.

In determining the proper construction of the proviso, we note that the Treasury Department has adopted the latter view in connection with a similar proviso in paragraph 805 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802. Said paragraph imposes a duty on ale, porter, stout, and beer at 25 cents per gallon, and the proviso reads:

*Provided,* That whenever the foregoing products are subject to a Federal tax measured in whole or in part by the rate of internal Federal tax imposed in respect of the like domestic products, the foregoing products shall be dutiable at 12½¢ per gal.

At the time the general agreement went into effect, no internal revenue tax was imposed on imported beer, ale, and other fermented liquors. Section 3150 (a) of the Internal Revenue Code of 1939, as amended, then provided:

**§ 3150. Tax—(a) Rate.**

There shall be levied and collected on all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of 1 per centum, or more, of alcohol brewed or manufactured and sold, or removed for consumption or sale, within the United States, by whatever name such liquors may be called, a tax of $7 for every barrel containing not more than thirty-one gallons, and at a like rate for any other quantity or for the fractional parts of a barrel authorized and defined by law. * * *[2]

Section 3150 (a) was amended after the general agreement went into effect by Public Law 857, approved June 30, 1948 (62 Stat. 1171), to read as follows, the italicized portion having been added:

**§ 3150. Tax—(a) Rate.**

There shall be levied and collected on all beer, lager beer, ale, porter, and other similar fermented liquor, containing one-half of 1 per centum, or more, of alcohol brewed or manufactured and sold, or removed for consumption or sale, within the United States, *or imported into the United States,* by whatever name such liquors may be called, a tax of $7 for every barrel containing not more than thirty-one gallons, and at a like rate for any other quantity or for the fractional parts of a barrel authorized and defined by law. * * *[3]

A Treasury Department ruling issued subsequently provided (83 Treas. Dec. 284, T. D. 51972):

Under the proviso to item 805 of Schedule XX of the General Agreement on Tariffs and Trade, imported ale, porter, stout, and beer become dutiable at the rate of 12½ cents per gallon.

Since the language of section 3150 (a) of the Internal Revenue Code of 1939, as amended, is similar to that of section 2800 (a) (1), and since the proviso in paragraph 805 of the Tariff Act of 1930, as modified, is similar to that in paragraph 24, as modified, the same construction should apply to both.

To ascertain whether the proviso before us is applicable to the within merchandise, it is pertinent to examine the purpose thereof and the situation it was intended to cover.

The specific portion of the duties imposed on flavoring extracts was intended to be compensatory for the internal revenue tax on alcohol which domestic producers of flavoring extracts were required

---

[2] The rate was raised from $7 to $8 by section 302 of the Revenue Act of 1943 (58 Stat. 61, 26 U. S. C. § 1650) and the Excise Tax Act of 1947 (61 Stat. 12, 26 U. S. C. § 1650).

[3] Same as footnote 2.

to pay. Digests of Trade Data with respect to the trade agreement with the Netherlands, page 17; Trade Agreement Digests, 1946, volume 1, page 109; Summaries of Tariff Information, 1948, volume 1, part 2, page 28. The situation existing at and prior to the time the general agreement was being negotiated is brought out in the Trade Agreement Digests, 1946, which was prepared by the Tariff Commission for use of the negotiators. It is there stated (p. 109):

The specific rates of duty provided in the Tariff Act of 1930 on imported flavoring extracts containing alcohol were until 1935 more than compensatory for the internal revenue tax on alcohol paid by domestic extract producers ($1.10 per proof gallon in 1930, $2 per proof gallon in 1934). Reductions in the import duty rates effected in 1935 and 1936 by the trade agreements with Belgium, the Netherlands, and France, brought the specific duties into line with the internal revenue tax on alcohol. But the internal revenue tax on alcohol was later increased, and now the domestic producers of flavoring preparations pay more ($3 per proof gallon) on the spirits they use as a raw material and the present specific duties on flavoring extracts are not compensatory. The tax compares with the existing import duty for three representative classes of extracts as follows:

| Alcoholic content of flavoring extract | Internal revenue tax on alcoholic content | | Specific duty on alcoholic content per pound |
|---|---|---|---|
| | Per gallon | Per pound | |
| 20% (40 proof) | $1.20 | $0.18 | $0.15 |
| 50% (100 proof) | 3.00 | .45 | .30 |
| 95% (190 proof) | 5.70 | .86 | .60 |

Since the rates of duty were not then compensatory for the internal revenue tax paid by domestic producers, they were not further reduced by the general agreement. However, the proviso was added, to provide for a reduction in duty whenever the imported products were "subject to a Federal tax on the alcoholic content measured in whole or in part by the rate of an internal Federal tax imposed in respect of the alcohol contained in the like domestic products." It is evident that the negotiators had in mind an internal revenue tax which was already in existence and which domestic producers had to pay and that they intended that the reduced rates of duty should apply whenever imported products were assessed with the same tax. This was not a new policy but is in accord with prior reductions in rates of duty on flavoring extracts in order to bring them into line with the internal revenue tax on alcohol. Digests of Trade Data with respect to the trade agreement with the Netherlands, page 17.

Since the flavoring extract involved herein has been found subject to internal revenue tax, the situation contemplated by the proviso has arisen. The purpose of the negotiators of the general agreement will be carried out by the application of the proviso.

The protest is sustained, and the collector is directed to reliquidate the entry assessing duty at 30 cents per pound and 10 per centum ad valorem under paragraph 24 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and

internal revenue tax at $9 per proof gallon under section 2800 (a) (1) of the Internal Revenue Code of 1939, as amended.

Judgment will be rendered accordingly.

### DISSENTING OPINION

DONLON, Judge: I do not concur with my esteemed colleagues. In my view, plaintiff has not borne its burden of proof so as to overcome the presumption of correctness that attaches to the collector's liquidation.

Duty rate claimed on the basis that the classified merchandise is like, or similar to, other merchandise presents an issue of fact. This fact is to be established by competent proofs, unless it is conceded. What is the record before us?

The official papers were jointly put in evidence, and certain of these papers were specially marked. Plaintiff offered a Bureau letter, dated June 20, 1951, CIE 190/51 (plaintiff's exhibit 1), in which the Bureau announced a ruling that is adverse to plaintiff's claim. That is the plaintiff's case.

Defendant presented the testimony of a single witness.

That is the extent of the record. There is nothing that proves similarity, and defendant does not concede it.

On this record, I hold the view that we may not take judicial notice of the likeness, or similarity, which the protest and plaintiff's brief assert. Whether it could be proved, and what is the scope of the likeness, or similarity, which the negotiators intended, the record does not require us to decide.

The protest should be dismissed.